**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **USCC DISTRIBUTION CO., LLC,** | * | |
| **Judgment Creditor,** | * | |
| v. | * | **Civil Action No. RDB-21-0329** |
| **G&S WIRELESS, LLC** and | * | |
| **GARY L. WILFONG,** | * | |
| **Judgment Debtors.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM ORDER**</u>

In February of 2020, the United States District Court for the Northern District of Illinois entered a judgment in favor of Judgment Creditor in this case, USCC Distribution Co., LLC ("USCC" or "Judgment Creditor") against Judgment Debtors in this case, G & S Wireless, LLC and Gary L. Wilfong (collectively "Judgment Debtors"), in the amount of $2,447,385.81 (the "Judgment"). *See USCC Distribution Co., LLC v. G & S Wireless, et al.*, No. 1:19-CV-05205 (N.D. Ill. 2020). On April 17, 2020, the court entered an Order granting USCC's Motion to Register Judgment, ordering that the $2,447,385.81 Judgment could be registered in the Northern District of West Virginia, the District of South Carolina, and the District of Maryland pursuant to 28 U.S.C. § 1963. *See id.* On August 13, 2020, USCC filed a Registration of Foreign Judgment in this Court for the purpose of enforcing the Judgment, and the Judgment was recorded. (ECF No. 1.)

According to USCC, on August 17, 2020, it sent its First Set of Interrogatories in Aid of Enforcement and Request for Production of Documents pursuant to Rule 69(a)(2) of the

1

Federal Rules of Civil Procedure and Maryland Rule 2-633(a) to the Judgment Debtors.  (ECF No. 2-1 at 2.)  The Judgment Debtors did not respond to USCC's discovery requests by the due date of September 21, 2020.  (*Id.*)  When discussions between the parties failed to result in the Judgment Debtors submitting any response to the discovery request, USCC filed a Motion for Sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.  (ECF No. 2.)  This Court granted that Motion on February 9, 2021, and ordered the Judgment Debtors to produce full and complete discovery responses to USCC.  (ECF No. 6.)[1]

Presently pending is the Judgment Debtor's Motion to Dismiss (ECF No. 3), in which Mr. Wilfong argues that this Court lacks personal jurisdiction over both Judgment Debtors, and that this action must be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  However, Judgment Creditor USCC contends that this Court need not have personal jurisdiction over a judgment debtor in order to register a previously obtained judgment pursuant to 28 U.S.C. § 1963.  (ECF No. 4.)  Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

As the United States Court of Appeals for the Ninth Circuit explained in *Fidelity National Financial, Inc. v. Friedman*, "[n]othing in this provision limits the district courts in which a judgment may be registered to only those that can assert personal jurisdiction over the

---

[1] This Court's Order (ECF No. 6) rendered MOOT the Judgment Debtor's Motion for Protective Order (ECF No. 5).

judgment debtors." 935 F.3d 696, 699 (9th Cir. 2019). The Court found that the statute's plain, broad language, as well as the statute's purpose of "simplify[ing] and facilitate[ing] collection on valid judgments," counseled against requiring a district court to have personal jurisdiction over a given judgment debtor in order to register an existing judgment. *Id.* at 699-700. The Court held that "reading a non-existent jurisdictional requirement into the statute would contravene Congress' intent by placing limits on registration that would make the process more onerous and potentially require additional litigation regarding jurisdiction." *Id.* at 700.

Other courts that have addressed this narrow issue have come to the same conclusion. As the court explained in *Ditcher v. Disco Corp.*, "while there may well be constitutional limitations on registration of judgments under [§ 1963], personal jurisdiction in the court of registration upon the date of registration is not one of them." 606 F. Supp. 721, 725 (S.D. Ohio 1984)). In *Kraft v. Hatch*, the court stated, "'[r]egistration is allowed irrespective of whether the court in which the judgment is registered has personal jurisdiction over the defendant.'" No. 18-cv-302 JAP/KK, 2018 WL 5635111, at (Oct. 30, 2018) (quoting 18 Moore's Federal Practice, § 130.32 (3d ed. 2018)). Similarly, in *Mobil Cerro Negro Ltd. v. Bolivarian Republic of Venezuela*, the court noted that to the extent a defendant sought to argue the court lacked personal jurisdiction, its arguments "lack[ed] merit." 87 F. Supp. 3d 573, 602 n.36 (S.D.N.Y. 2015). "Personal jurisdiction is ordinarily is not required in recognition proceedings, whether state or federal. The relevant issue is instead whether there was jurisdiction over the award debtor at the time the underlying award was litigated . . . ." *Id.*

(citing, *inter alia*, 11 Maeses, *et al., Fed. Pro. Lawyers Edition* § 31:28 ("Personal jurisdiction in the court where a judgment is being registered is not required by 28 U.S.C. § 1963)).

In this case, the Judgment Debtors do not contend that the court which rendered $2,447,385.81 Judgment against them lacked jurisdiction to do so.  The only issue is whether this Court must have personal jurisdiction over each Judgment Debtor in order for the Judgment to be registered in this Court, and the clear weight of authority provides that no such jurisdiction is required.  "[T]he purposes of § 1963 were to simplify and facilitate the enforcement of federal judgments, . . . to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and district federal litigation might otherwise encounter."  *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965).  As the Ninth Circuit noted in *Friedman*, "[a]dhering to the statutory text's expansive license to register judgments in other districts effectuates those purposes."  935 F.3d at 700. Section 1963 simply does not require a court to have personal jurisdiction over a judgment debtor in order to register an existing judgment.

Accordingly, it is HEREBY ORDERED this 7th Day of June, 2021 that:

1. Judgment Debtors' Motion to Dismiss (ECF No. 3) is DENIED;

2. Judgment Debtors' for Protect Order (ECF No. 5) is MOOT;

3. The Clerk of the Court shall transmit a copy of this Memorandum Order to counsel of record.


_____/s/_____
Richard D. Bennett
United States District Judge